West, J.
Two questions are raised on this record :
1. Has Mrs. McGovern an equitable estate in the controverted premises ?
2 Is she estopped to assert it against the judgment set up by the defendant in error ?
The judgment of the superior court at special term was •affirmed at general term by a divided bench. The elaborate *552 opinions delivered by the learned judges, at general term, have been adopted by the opposing counsel respectively, and submitted as their arguments for consideration here. A clear understanding is thereby furnished of the points on which the case turned below.
A subsisting equitable estate in Mrs. McGovern seems to have been conceded, or at least not seriously questioned; and estoppel in pais relied on by a majority of the court to bar its assertion. To us the first proposition is of the greater gravity, and presents the only question of real difficulty.
I. If Mrs. McGovern has an estate in the controverted premises, it arises upon a resulting trust. Do the facts disclosed vest in her such estate.
As between strangers, it will be presumed, and as between members of the same family it may be shown that a conveyance of lands to another than him by whom the considertion, or some part thereof, is, at the time, paid or secured, vests in the latter an equitable estate pro tanto, by resulting trust. Bottsford v. Bur, 2 Johns. Ch. 405; Wray v. Steele, 2 Ves. & Beam. 388 ; Creed v. Lancaster Bank, 1 Ohio St. 1. It is sufficient if the payment of the consideration be secured for and on behalf the cestui que trust by the promissory note of a third person, Morey v. Herrick, 18 Penn. St. 123 ; or of him to whom the legal title is conveyed. Lounsbury v. Purdy, 16 Barb. (N. Y.) 376; and 1 Leading Cases in Equity, 276, where the authorities are collected. The foundation of a resulting trust is the payment, or the securing to be paid, by the cestui que trust, out of his own means, the consideration of the conveyance, or some part thereof, at its completion.
In the present case, the proof is clear that $2,000, part of the consideration for the conveyance of the Laurel street property to her husband, has been paid by Mrs. McGovern, out of her separate moneys. It is also clearly shown that the property was originally intended for her, to be paid for from the proceeds of her inheritance. But not being able to raise the cash payment of $2,000 at the completion of the *553 conveyance, and being under the disability of coverture disqualifying her from binding herself by any form of commercial obligation, the payment was secured, and made a charge upon her separate estate by mortgage, which was the highest and only security binding the same, that she could give, her husband's note being made its basis. To the extent of this |2,000 charged upon her separate property, the original credit was given to her ; whence an equitable estate pro tanto at least became vested in her by resulting trust.
Unless she is estopped to assert this estate, the judgment of the superior court must be reversed ; thus rendering it unnecessary to consider the question or determine the extent of her interest resulting from the mortgage of her equitable estate in the purchased premises to secure the deferred installments.
II. Is Mrs. McGovern estopped to assert her estate, in this action ?
It is the dictate of natural justice that he who, having a right or interest, by his conduct influences another to act on the faith of its non-existence, or that it will not be asserted, shall not be allowed to afterwards maintain it to his prejudice. Out of this just principle- has grown the equitable doctrine of estoppel in pais, so well stated and strongly approved by Fonblanque in his treatise on Equity, vol. 1, ch. 3, sec. 4 ; by Chancellor Kent, in Wendell v. Van Rensselaer, 1 Johns. Ch. 344 ; by Lord Macclesfield, in the leading case of Savage v. Foster, 9 Modern R. 35 ; and by the other authorities cited in support of the judgment below.
The doctrine has been characterized as one of harshness, But it has its foundation in the solicitude of the law to prevent fraud from consummating its ends, and to promote good faith in the conduct of men ; its apparent harshness arising from its injudicious application.
Probably no inflexible rule can be laid down defining the several conditions of its application in all cases. One condition, however, is fundamental and essential in every case, which is, that the particular right or interest invoking the protection of the doctrine must have been influenced by the *554 conduct, the encouragement, concealment, or denial of him who, or with whom one in privity, is sought to be estopped. Only parties and privies are affected by it, or can invoke its interposition.
The non-observance of this fundamental condition doubtless determined the judgment below. The origin of the controversy was a loan of money by Pearson O. Brown to Matthew McGovern. The defendant in ez-ror, now asking the application of the doctrine, is the assignee of Brown, standing in privity with hizn. Her equity is not superior to his. If he could not, zieither cazi she be aided by estoppel.
The original loan by Brown to Matthew McGovern was not made on the faith of title in him ; but ozi the credit of William Knox, his personal indorser. Brown, therefore, did not act, azzd hence acquired no right, ozi the faith that Mrs. McGovern had no estate, or that it would not be asserted. In fact, it does not appear that she had azzy knowledge of the loan; that any act or utterance of hers influenced Brown in making it; or that he was aware of her existence. As to him, then, and hence as to the defendant in erroi-, who is in privity with him, izo sizzgle conditiozz of estoppel is shown by the record.
It is insisted, however, azzd the judgment below seems tc liave resulted from the misapprehension that a case of estoppel is raised in favor of the defendant in error, by the evidence of representations and iziformation, on the faith of which William Knox became indorser. In our opinion this evidezzce is izicompetent. William Knox is not before the court. His right is not involved. He is not asserting it. The defendazit in error is not in privity with, but claims adversely to him. Her title is dei-ived through Brown, not William Kzzox.
The judgment of the superior court, at general and special term, will be reversed, and the cause remanded for further proceedings.
Welch, O. J., and White, Day and McIlvaine, JJ., concurred.